# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HERNADEZ LOPEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANTHONY HIGH,<br><br>　　　　　Defendant. | Case No. 1:24-cv-01327-KES-SAB<br><br>ORDER VACATING JANUARY 7, 2026 HEARING AND GRANTING DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO PROVIDE RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION<br><br>(ECF Nos. 27, 29)<br><br>**THIRTY DAY DEADLINE** |

Currently before the Court is Defendant Anthony High's motion to compel Plaintiff Joe Hernandez Lopez to provide responses to Defendant's interrogatories and requests for production. (ECF Nos. 27, 29.) Having considered the unopposed motion, filed declarations and exhibits attached thereto, as well as the Court's file, the Court finds this matter suitable for decision without oral argument. See L.R. 230(g). Thus, the hearing set for January 7, 2026 will be vacated and the parties will not be required to appear at that time. For the reasons discussed herein, the Court issues the following order granting Defendant's motion to compel.

**I.**

**BACKGROUND**

This action is proceeding against Defendant for excessive force in violation of the Fourth Amendment and California Penal Code § 149. (ECF No. 9.) As relevant here, on November 12,

1  2025, Defendant Anthony High filed a motion to compel Plaintiff Joe Hernadez Lopez to
2  provide further responses to Defendant's first set of interrogatories and request for production of
3  documents, both of which were served on September 3, 2025. (ECF No. 27.) Defendant asserts
4  that Plaintiff's responses were due on October 6, 2025. (Id. at p. 2.) Defendant further states
5  that, following meet-and-confer efforts, the parties agreed that Plaintiff would provide his
6  responses by the end of the day on October 17, 2025. (Id.) Defendant maintains that he has not
7  received Plaintiff's responses to any written discovery. (Id.) Plaintiff has not filed an opposition
8  and the time to do so has passed. See L.R. 230(c).

## II.
## LEGAL STANDARD

Motions to compel are governed by Rule 37 of the Federal Rules of Civil Procedure. Rule 37 provides in pertinent part:

> **(a) Motion for an Order Compelling Disclosure or Discovery.**
>
> **(1) In General.** On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37 (emphasis in original). Rule 37 states that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). If the motion is granted and the deponent thereafter fails to comply with the court's order, the court may issue a variety of sanctions, including dismissal of the action. See Fed. R. Civ. P. 37(b).

## III.
## DISCUSSION

**A. Defendant's Motion to Compel**

Defendant moves to compel Plaintiff to: (1) provide responses to Defendant's interrogatories served on September 3, 2025; and (2) provide responses to Defendant's request for production of documents, also served on September 3, 2025. (ECF Nos. 27, 29.)

1    Despite serving Plaintiff with the interrogatories and request for production of
2 documents, Plaintiff has not filed a response to either discovery request. (ECF No. 27-2,
3 Declaration of Eduardo Ruiz, ¶ 7.)

4    Based on Plaintiff's complete failure to respond to Defendant's discovery requests, the
5 Court will grant the motion to compel.  Plaintiff initiated this lawsuit and is therefore obligated
6 to comply with the applicable Federal Rules of Civil Procedure and the Local Rules of this Court
7 by responding to Defendant's discovery requests to the best of his ability.  See Hartline v. Nat'l
8 Univ., 2018 WL 1014611, at *4 (E.D. Cal. Feb. 22, 2018) (emphasizing that even pro se parties
9 have a duty to comply with discovery obligations).  Plaintiff's complete failure to respond to
10 Defendant's discovery requests and his failure to oppose Defendant's motion constitutes a
11 waiver of any objections to those requests, and Plaintiff will be ordered to respond.

12    Plaintiff must answer each interrogatory fully in writing under oath.  See Fed. R. Civ. P.
13 33(b)(3).  While extensive research is not required, a reasonable effort to respond must be made
14 "and reasonableness is determined by the size and complexity of the case and the resources that a
15 responding party has available to put to the case."  L.H. v. Schwarzenegger, 2007 WL 2781132,
16 at *2 (E.D. Cal. Sept. 21, 2007).  Plaintiff must also produce all documents in his possession,
17 custody, and control that are responsive to Defendant's request for production of documents.
18 See Fed. R. Civ. P. 34(a)(1).

## IV.
## ORDER

21    Based on the foregoing, it is HEREBY ORDERED that:

22    1.   The hearing on Defendant's motion to compel set for January 7, 2026 is
23         VACATED;
24    2.   Defendant's unopposed motion to compel (ECF Nos. 27, 29) is **GRANTED**;
25    3.   Plaintiff shall serve responses to Defendant's Interrogatories and Request for
26         Production of Documents, served on September 3, 2025, within **thirty (30) days**
27         from the date of this order; and
28 ///

4. Plaintiff is advised that failure to comply with this order may result in issuance of sanctions, which could include dismissal of the case.

IT IS SO ORDERED.

Dated:  **January 5, 2026**

STANLEY A. BOONE
United States Magistrate Judge

4