# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HERNANDEZ LOPEZ, | Case No. 1:24-cv-01327-KES-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| ANTHONY HIGH, | (ECF No. 31) |
| Defendant. | **OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

**I.**

**INTRODUCTION**

Currently before the Court is Defendant's motion to dismiss this action for lack of prosecution and for failure to comply with the Court's orders, brought pursuant to Federal Rule of Civil Procedure 41(b).  The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  The Court found this matter suitable for decision without oral argument and vacated the hearing set for April 22, 2026.  See Local Rule 230(c).  For the reasons explained herein, the Court recommends Defendant's motion to dismiss be granted and this matter be dismissed without prejudice.

/ / /

/ / /

/ / /

1

## II.

## RELEVANT BACKGROUND

Joe Hernandez Lopez ("Plaintiff"), who is proceeding *pro se* filed commenced this action on October 30, 2024.  (ECF No. 1.)  On November 22, 2024, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(a) and found that it failed to state any cognizable claims for relief.  (ECF No. 8.)  Plaintiff filed his first amended complaint on December 23, 2024, which stated a cognizable claim for excessive force in violation of the Fourth Amendment.  (ECF Nos. 9, 10.)  On April 18, 2025, Defendant filed an answer to the complaint.  (ECF No. 20.)  On May 13, 2025, the Court issued a scheduling order.  (ECF No. 26.)

On November 12, 2025, Defendant filed a motion to compel Plaintiff to provide further responses to Defendant's first set of interrogatories and requests for production of documents, both of which were served on September 3, 2025.  (ECF No. 27, 29.)  On January 5, 2026, the Court granted Defendant's unopposed motion, ordering Plaintiff to serve responses by February 4, 2026.  (ECF No. 30.)  Defendant states that, to date, he has not received any responses from Plaintiff.  (ECF No. 31-2, Declaration of Eduardo Ruiz ("Ruiz Decl."), at ¶ 5.)

On March 9, 2026, Defendant filed the instant motion to dismiss for failure to prosecute and to comply with Court orders.  (ECF No. 31.)  Because Plaintiff did not file an opposition, the Court vacated the set hearing and took the matter under submission on March 27, 2026.  (ECF No. 35.)

## III.

## LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order.  See Fed. R. Civ. P. 41(b); see also Applied Underwriters v. Lichtenegger, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances.").  Local Rule 110 similarly permits the Court to impose sanctions on a party who fails to comply with the Court's

Rules or any order of the Court.

Before dismissing an action under Fed. R. Civ. P. 41, a court must consider: (1) the public interest in expeditious resolution of litigation; (2) the Court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. See Applied Underwriters, 913 F.3d at 890 (noting that these five factors "must be considered" before a Rule 41 involuntarily dismissal); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (reviewing the five factors and independently reviewing the record because the district court did not make finding as to each). But see Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same but noting the court need not make explicit findings as to each); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not amend caption to remove "et al." as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

**IV.**

**DISCUSSION**

Upon review of the above-stated factors, the Court concludes that dismissal of the case is warranted. The public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. On January 5, 2026, the Court ordered Plaintiff to provide responses to Defendant's interrogatories and requests for production, which were served on Plaintiff on September 3, 2025, within 30 days from the date of the order. (ECF No. 30.) Plaintiff did not comply with this order. (ECF No. 31; Ruiz Decl., at ¶ 5.) Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this action towards disposition and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to Defendant in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). This presumption may be rebutted if Plaintiff offers an excuse for the delay. Id. at 1453. However, Plaintiff has not filed an opposition to the instant motion and therefore has failed to rebut the presumption of the risk of prejudice to Defendant. Accordingly, the Court

finds this factor also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is outweighed by the factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  This action can proceed no further without Plaintiff's cooperation and compliance with the discovery order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.  The Court finds this factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Malone, 833 at 132-33. The Court's January 5, 2026 order expressly stated: "Plaintiff is advised that failure to comply with this order may result in issuance of sanctions, which could include dismissal of the case." (ECF No. 30.)  Thus, Plaintiff had adequate warning that dismissal of this action would result from noncompliance with the Court's order.

## V.

## CONCLUSION AND RECOMMENDATION

For the reasons discussed herein, IT IS HEREBY RECOMMENDED that this case be dismissed without prejudice for failure to prosecute this action and failure to comply with the Court's order, pursuant to Fed. R. Civ. P. 41 and Local Rule 110.

///

///

///

///

///

///

///

///

///

///

4

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 25, 2026**

STANLEY A. BOONE
United States Magistrate Judge

5